# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL NO. 2:08CR15

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| GARY DAVID LAMBERT ) | |

**THIS MATTER** is before the Court on Defendant Gary Lambert's motion for reconsideration of release. For the reasons stated herein, the motion is denied.

## I. PROCEDURAL HISTORY

Based on events that allegedly took place in August 2007, Defendant was charged with three sexual offenses, including aggravated sexual abuse of a minor in violation of 18 U.S.C. § 2241(c), sexual abuse in violation of 18 U.S.C. § 2242, and abusive sexual contact in violation of 18 U.S.C. § 2244(a)(5). **Indictment, filed April 1, 2008, at 1-2.** Following an initial appearance before the Magistrate Judge on April 24, 2008,

Defendant was arraigned on April 28, 2008, after which the Magistrate Judge issued an order of detention pending trial. **Order of Detention Pending Trial, filed May 2, 2008.** The detention order stated, in part:

> The United States Probation Office has recommended that the defendant be released on an unsecured bond if he is able to locate a suitable residence that is not within close proximity to children. At the present time, the plan would be to release the [Defendant] to the residence of his sister, . . . which would [enable Defendant to] be in close proximity to [children, due to] the visitation of the sister by her minor grandchildren. This is not a suitable residence. If the defendant were to find a residence which is not within the boundaries of the Eastern Ban[d] of the Cherokee Indian Reservation and which was not in close proximity to the dwelling place or visitation place of any minor children, then this court would consider releasing the defendant on terms and conditions of pretrial release. If such residence was found, then the undersigned could find that the presumption of detention in this matter has been rebutted by the evidence of the defendant.

*Id.* **at 4.**

On May 13, 2008, Defendant entered into a plea agreement with the Government wherein he agreed to plead guilty to the third count of the indictment (abusive sexual contact of a minor) in exchange for a dismissal of the other two counts. **Plea Agreement, filed May 13, 2008, at 1.** His plea hearing was scheduled for May 30, 2008, before the Magistrate Judge.

On May 28, 2008, Defendant requested the Court to reconsider the earlier detention order, stating that "Defendant's family has located a suitable residence apart and away from the Cherokee Indian Reservation that would provide a safe and secure abode for the Defendant during the pendency of this action[.]" **Motion for Reconsideration, filed May 28, 2008, at 1.** This request was scheduled to be heard in conjunction with Defendant's May 30, 2008, plea hearing.

At that hearing, the Magistrate Judge heard from all parties and entered an order conditionally releasing Defendant. **Order Setting Conditions of Release, filed June 2, 2008; Appearance Bond, filed June 2, 2008.** Defendant then entered his guilty plea, which the Magistrate Judge accepted. **Rule 11 Inquiry and Order of Acceptance of Plea, filed May 30, 2008.** Upon entry and acceptance of the plea, the Magistrate Judge immediately revoked the release order which he had just entered. Defendant appealed this revocation to the undersigned. **Motion for Reconsideration of Release, filed June 9, 2008.** The Government opposes Defendant's release and requests a hearing on the matter. **Response to Motion for Reconsideration of Release, filed June 13, 2008.**

## II.  STANDARD OF REVIEW

Following a prisoner's conviction or plea, the issue of his detention is governed by 18 U.S.C. § 3143, which provides in pertinent part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of a sentence be detained unless –
>
> (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

**18 U.S.C. § 3143(a)(2).**

Section 3142(f)(1)(B), as referenced in § 3143(a)(2), refers to "an offense for which the maximum sentence is life imprisonment or death." In this case, Defendant pled guilty to violating 18 U.S.C. § 2244(a)(5), which provides for a prison term "for any term of years or for life." **18 U.S.C. § 2244(a)(5).** Additionally, this Court has previously interpreted the phrase "a person who has been found guilty of an offense" to include defendants

who have entered guilty pleas. ***United States v. Luisa*, 266 F. Supp. 2d 440, 446 (W.D.N.C. 2003); *see also United States v. Moffitt*, 527 F. Supp. 2d 474, 478 (W.D.N.C. 2006) (holding that § 3143 encompasses defendants who have entered guilty pleas as well as those who have been convicted by a jury).** For these reasons, Defendant falls within the purview of § 3143(a)(2).

### III. ANALYSIS

Defendant's motion before the undersigned, requesting reconsideration of release, asserts that "Defendant is a person not likely to flee or otherwise pose a danger to the safety of any other persons in the community." **Motion for Reconsideration of Release,** *supra*, **at 2.** This statement, however, pertains only to the condition listed in § 3142(a)(2)(B). Defendant has included no indication that his case meets either of the two alternate conditions listed in § 3142(a)(2)(A), namely that "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or that the Government recommends no imprisonment. On the contrary, Defendant's guilty plea ensures that any motions for acquittal or new trial

are unlikely to be successful. Nor has the Government indicated that it plans to recommend a sentence of no imprisonment.

As Defendant meets neither of the two alternate conditions for release under § 3143(a)(2)(A), the Court need not address Defendant's argument that he meets the second mandatory condition under subsection (B). **See United States v. Irvin, 2 F.3d 72, 73 n.1 (4th Cir. 1993) (noting that both subsections (A) and (B) of § 3143(a)(2) must be satisfied in order to grant release pending sentencing).** In short, because Defendant cannot meet both requirements listed in § 3143(a)(2), the Court holds that the instant motion has no merit. It follows that the Government's request for a hearing on this matter is unnecessary.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion for reconsideration of release is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Government's request for a hearing is hereby **DENIED** as moot.

7

Signed: June 20, 2008

*[signature]*

Lacy H. Thornburg
United States District Judge